ORIGINAL FILED
2013 SEP 13 P 4:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Michele R. Stafford, Esq. (SBN 124607)
Erica Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRICKLAYERS LOCAL NO. 3 PENSION TRUST and its Board of Trustees; JEFF BARBER and DAVID JACKSON, Trustees;

BRICKLAYERS LOCAL NO. 7 PENSION TRUST and its Board of Trustees; ROBERT FILIPPI and DAVID JACKSON, Trustees;

BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 16 PENSION TRUST FUND and its Board of Trustees; ANTONIO GENNARO and ANTHONY ROSSI, Trustees;

BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 3 HEALTH AND WELFARE TRUST and its Board of Trustees; ROBERT FILIPPI and DAVID JACKSON, Trustees;

BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST and its Board of Trustees; WAYNE MIKA and DAVID JACKSON, Trustees;

INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND and its Board of Trustees; JAMES BOLAND and EUGENE GEORGE, Trustees; and

INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3;

Plaintiffs,

JACK N. BATINICH MASONRY, INC., a California corporation

Defendant.

Case No.: CV 13 4268

**COMPLAINT**

LB

## Parties

1. The Bricklayers Local No. 3 Pension Trust; Bricklayers Local No. 7 Pension Trust; Bricklayers and Allied Craftsmen Local 16 Pension Trust Fund; Bricklayers Local No. 3 Health and Welfare Trust; Bricklayers and Allied Crafts Local No. 3 Apprentice Training Trust; and the International Union of Bricklayers and Allied Craftsmen Pension Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Jeff Barber, David Jackson, Robert Filippi, Antonio Gennaro, Anthony Rossi, Wayne Mika, James Boland and Eugene George are trustees and fiduciaries of the Funds. They and their fiduciaries are together referred to herein as "ERISA plaintiffs."

2. International Union of Bricklayers and Allied Craftsmen, AFL-CIO, Local Union No. 3 ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NRLA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

3. Jack N. Batinich Masonry, Inc., a California corporation ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of a written collective bargaining agreement between the Defendant and the Union.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the

federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arose in this district.

Intradistrict Assignment

9. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where the ERISA Plaintiffs Trust Funds and the Bargained Plans, described in ¶14 herein were administered during the period claimed herein, and where Defendant therefore failed to fulfill its statutory and contractual obligations to the Plaintiffs.

Bargaining Agreement

10. Jack N. Batinich Masonry, Inc. is signatory to the Agreement between Bricklayers Local Union #3 of California, IUBAC, ALF-CIO and the Northern California Mason Contractors Multi-Employer Bargaining Association and Masonry Contractors' Association of Central California, requiring employer contributions to the Plaintiff Funds, to the Union for union dues, and to the Bargained Plans more fully described in the Master Agreement. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreement.

11. The bargained plans described in the Bargaining Agreement, including but not limited to the Central California Masonry Industry Fund, and the NCMCMBA's Promotion Fund, together referred to herein as "Bargained Plans," are funds requiring Defendant's contributions under a Bargaining Agreement as described in Paragraph 10, and for which Plaintiff Boards of Trustees are the assigned under that Bargaining Agreement to receive and administer monies due

to these Bargained Plans.

12. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs, which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Bargained Plans, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, Defendant agreed to pay liquidated damages for each delinquent payment. Defendant further agreed to pay interest on the contributions at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreement.

Facts

13. Defendant has a statutory duty to timely make required payments to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

14. Defendant failed to report or pay contributions and dues to Plaintiffs, for hours worked by its employees during the time period of March 2013 through July 2013, and liquidated damages and interest thereon, despite demand. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due to be paid, and are also entitled to recover any and all liquidated damages and interest payable on any other late or unpaid contributions found due (by audit, paystubs, etc.).

15. Defendant's failure and refusal to make payments as alleged herein was at all times, and still is, willful. Defendant continues to breach said collective bargaining agreement, and the Trust Agreements incorporated into the collective bargaining agreement and made binding on Defendant, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with malicious intent.

16. Defendant has a contractual duty under the collective bargaining agreement to timely make required contributions, liquidated damages and interest to the ERISA Plaintiffs, and to the Bargained Plans specified therein, and to the Union for dues.

17. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the collective bargaining agreement, and the Trust Agreements referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

18. This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits. There is the possibility that the Trustees and the participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor Plaintiffs.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant in favor of the Plaintiffs in an amount equal to:

(a) All unpaid contributions due to Plaintiffs for hours worked as specified above and thereafter through the time of judgment pursuant to ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A), the collective bargaining agreement, and the Trust Agreements;

(b) Liquidated damages in an amount equal to the greater of:

(i) Interest on the unpaid contributions, or

(ii) Liquidated damages on the aforementioned unpaid contributions, in accordance with the collective bargaining agreement, the Trust Agreements, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the Plaintiffs.

(c) Interest on the aforementioned unpaid contributions at rates and in accordance with the collective bargaining agreement, the Trust Agreements, as well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the Plaintiffs, and the applicable legal rate with respect to dues, and where otherwise appropriate.

(d) Any additional contributions payable to Plaintiffs and the Bargained Plans, all as third party beneficiaries of the collective bargaining agreement, at time of judgment, plus interest and liquidated damages thereon and on prior late paid contributions, in accordance with the collective bargaining agreement, the Trust Agreements, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

(e) Dues payable to the Union at time of judgment, in accordance to the Bargaining Agreement, and interest thereon in accordance with the law;

(f) Reasonable attorneys' fees and costs of this action in accordance with ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the collective bargaining agreement; and in accordance with LMRA §301, 29 U.S.C. §185 for all Plaintiffs.

2. For an order enjoining Defendant from violating the terms of the collective bargaining agreement and the Trust Agreements incorporated therein, and enjoining Defendant from disposing of any assets and continuing operations of their business until it complies with said terms.

3. That the Court reserve and affirm Plaintiffs' contractual right to audit Defendant to determine proper reporting to Plaintiffs, and in the event of such an audit, collect any additional sums which may be due.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

Dated: September 12, 2013

SALTZMAN & JOHNSON
LAW CORPORATION

By: ______________________________
Michele R. Stafford
Attorneys for Plaintiffs